Filed 7/31/23  P. Oates CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078581 |
| v. | (Super.Ct.No. FWV018708) |
| JIMMIE LEE OATES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Paige B. Hazard, Anthony Da Silva and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Jimmie Lee Oates appeals from the trial court's denial of his petition for resentencing under Penal Code section 1170.95 (now section 1172.6[1]). For the reasons set forth *post*, we affirm the court's order.

## FACTUAL AND PROCEDURAL HISTORY

A.      PROCEDURAL HISTORY

On October 4, 1999, an information charged defendant—and codefendants Anthony Joseph Garcia and Octavio Munoz Benavides[2]—with attempted willful, deliberate, premedicated murder of Gustavo Barrera (count 1), Victor Mendoza (count 3), Walter Ramirez (count 4), Manuel Castrejon (count 5), and Jose Gonzalez (count 6), in violation of sections 664 and 187; aggravated mayhem on Gustavo Barrera under section 205 (count 2); and possession of a firearm by a felon under section 12021, subdivision (a)(1) (count 8).[3]  With respect to count 1, the information alleged that defendant personally inflicted great bodily injury on the victim, who was not an accomplice to the offense, under section 12022.7, subdivision (a).  Moreover, with respect to counts 1 through 6, the information alleged that defendant, with intent to do so, inflicted great bodily injury and death on Barrera as a result of discharging a firearm from a motor

---

[1]  While this appeal was pending, the Legislature amended and renumbered section 1170.95 as section 1172.6.  (Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 in this opinion, even though 1170.95 was the operative designation at the time of the underlying proceedings.

[2]  Neither codefendant is a party to this appeal.

[3]  Count 8 was alleged only against defendant.  Count 7, evading an officer under Vehicle Code section 2800.2, subdivision (a), was alleged only against Garcia.

vehicle under section 12022.55. Additionally, with respect to counts 1 through 7, the information also alleged that a principal intentionally discharged and personally used a firearm within the meaning of section 12022.53, subdivisions (b), (c), and (d). The information further alleged that all counts were committed for the benefit of, at the direction of, and in association with a criminal street gang under section 186.22, subdivision (b)(4). Furthermore, the information alleged that defendant suffered a prior conviction for violating section 215, subdivision (a).

"Following a jury trial, defendant was convicted of five counts of attempted premeditated murder, as to each of the five victims (counts 1, and 3 through 6) (§ 187, subd. (a)); mayhem (count 2), as to Barrera (§ 205); and possession of a firearm by a felon (count 8) (§ 12021, subd. (a)(1)). The jury also found true the enhancement allegations that a principal personally used and discharged a firearm, which caused great bodily injury (§ 12022.53, subds. (b), (c), & (d)), and that the offenses were committed to benefit a criminal street gang (§ 186.22, subd. (b)(4)). Defendant admitted the truth of the allegation that he had previously suffered a prior strike (§ 667, subds. (b)-(i), § 1170.12). The jury deadlocked on, and the court dismissed, the enhancement allegations that defendant personally inflicted great bodily injury under section 12022.7, subdivision (a) and discharged a firearm from a motor vehicle, causing great bodily injury (§ 12022.55).

"In 2001, the court sentenced defendant to an aggregate indeterminate prison term of 85 years to life plus a determinate term of 20 years (2001 sentence). Defendant appealed his convictions and sentence. This court affirmed the lower court judgment but

modified the sentence by striking multiple section 12022.53, subdivision (d) enhancements. The California Supreme Court reversed solely as to the enhancements imposed under section 12022.53, subdivision (d), and remanded the case back to this court. (*People v. Oates* (2004) 32 Cal.4th 1048, 1069.) In accordance with the Supreme Court decision, this court issued a second opinion (*People v. Oates* (Aug. 31, 2004) E029354), opn. ordered nonpub., review dism. Apr. 19, 2006, S128181) in which we remanded the case to the trial court for resentencing consistent with the Supreme Court's decision. [Citation.]

"Defendant petitioned for Supreme Court review of our second decision. Meanwhile, the trial court prematurely resentenced defendant while the case was before the Supreme Court. The trial court imposed consecutive, as opposed to concurrent sentences, as to counts 3, 4, and 6. Defendant appealed the resentencing and this court issued a third opinion reversing the 2001 sentence on the ground the trial court lacked jurisdiction to resentence defendant because the case was pending before the Supreme Court. [Citation.]

"On April 19, 2006, the Supreme Court dismissed defendant's petition seeking review of our second decision, in which we remanded the case to the trial court solely for resentencing in accordance with the Supreme Court's decision in *People v. Oates*, *supra*, 32 Cal.4th at page 1069. [Citation.]

"After remand to the trial court for resentencing, the trial court resentenced defendant on February 21, 2007. . . . Rather than imposing concurrent sentences as to counts 3, 4, and 6, as the trial court had originally done, the trial court imposed

4

consecutive sentences to these counts. As a consequence, defendant's sentence was substantially increased from an aggregate indeterminate term of 8 years to life, to an aggregate indeterminate term of 195 years to life." We affirmed the conviction but modified the sentence to run counts 2, 4, and 6 concurrently.[4]

On January 10, 2022, defendant filed a petition for resentencing under section 1172.6. After appointing counsel and reviewing the Supreme Court's decision, the trial court denied the petition. The court found that defendant was ineligible as a matter of law. The court noted that "defendant was found guilty by a jury of five counts of attempted premeditated murder, one for each person in the group at which he fired, it says. And he was also convicted of or found true of all the associated 12022.53 enhancement allegations." The court went on and stated that defendant "was not convicted under a natural and probable consequence doctrine for attempted murder; but instead was convicted of attempted murder with premeditation, deliberation based upon his actual conduct and his intent to kill. [¶] So the petition will be denied."

On February 28, 2022, defendant filed a timely notice of appeal.

On June 6, 2022, we granted defendant's unopposed request for judicial notice. We then took judicial notice of our published opinion in defendant's prior appeal in case No. E029354, and our unpublished opinions in defendant's prior appeals in case Nos. E037177 and E042645. Moreover, on July 7, 2022, we reserved our ruling on (1) the People's request for judicial notice filed on June 27, 2022, requesting that we take

---

[4] *People v. Oates* (Nov. 29, 2007, E042645) [nonpub. opn.] 2007 WL 4201256, at *1-2.)

judicial notice of the record in appeal on case No. E0293564; and (2) defendant's opposition to the request for judicial notice filed on July 6, 2022. As will be discussed *post*, we grant the People's request for judicial notice of the record in case No. E0293564.

After the parties submitted their briefs, on November 30, 2022, we issued an order directing the parties to file supplemental briefs "addressing the relevance of the Supreme Court opinion *People v. Strong* (2022) 13 Cal.5th 698 [(*Strong*)], to the issues raised on appeal." Both parties filed supplemental briefs.

Thereafter, on December 28, 2022, defendant filed a request for judicial notice asking that this court take judicial notice of the legislative history of "Senate Rules Committee, Office of Senate Floor Analyses, Bill No. SB 775 dated September 1, 2021." On January 3, 2023, the People filed an opposition to the motion for judicial notice, and defendant filed a reply to the opposition on January 5, 2023. We hereby grant defendant's request and take judicial notice of SB 775's legislative history

B.    FACTUAL HISTORY[5]

"This case involves an attempt to kill rival gang members during a drive-by shooting. During the afternoon of September 11, 1999, Gustavo Barrera, Victor Mendoza, and Walter Ramirez, members of the North Side Ontario gang (NSO), entered East Side Ontario gang (ESO) territory. Mendoza got into a fistfight with an individual associated with the ESO, defendant's gang. After the fight, the NSO members visited NSO member, Manuel Castrejon. Around 10:00 p.m., while Mendoza, Barrera,

---

[5] The facts are taken from the unpublished opinion in case No. E042645.

6

Castrejon, Ramirez, and Jose Gonzalez socialized outside Castrejon's house, defendant and two companions drove by, fired two shots at the five NSO gang members, and sped off. Gustavo Barrera was shot in the leg, resulting in its amputation. No one else was injured. Shortly thereafter, California Highway Patrol officers pulled over defendant and his companions and arrested them."

## DISCUSSION

### A. THE TRIAL COURT PROPERLY FOUND DEFENDANT INELIGIBLE FOR RELIEF UNDER SECTION 1172.6

On appeal, defendant contends that the trial court erred in denying his petition for resentencing on his murder conviction without conducting an evidentiary hearing. For the reasons set forth *post*, we affirm the court's denial of defendant's petition.

Senate Bill 1437 (SB 1437) became effective January 1, 2019. "[SB 1437] modified California's felony murder rule and natural and probable consequences doctrine to ensure murder liability is not imposed on someone unless they were the actual killer, acted with the intent to kill, or acted as a major participant in the underlying felony and with reckless indifference to human life." (*People v. Cervantes* (2020) 46 Cal.App.5th 213, 220.) As relevant here, SB 1437 added section 189, subdivision (e), which provides, "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The

7

person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).) Section 190.2, subdivision (d) provides, "Notwithstanding subdivision (c), every person, not the actual killer, who, with reckless indifference to human life and as a major participant, aids, abets, counsels, commands, induces, solicits, requests, or assists in the commission of a felony enumerated in paragraph (17) of subdivision (a) which results in the death of some person or persons, and who is found guilty of murder in the first degree therefor, shall be punished by death or imprisonment in the state prison for life without the possibility of parole if a special circumstance enumerated in paragraph (17) of subdivision (a) has been found to be true under Section 190.4."

SB 1437 also created a process through which convicted persons can seek resentencing if they could no longer be convicted under the reformed homicide law. (§ 1172.6, subd. (a).) Section 1172.6, subdivision (a), provides in part, "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime*, attempted murder under the natural and probable consequences doctrine*, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts." (Italics added.)

Section 1172.6, subdivision (c), provides, "Within 60 days after service of a petition . . . , the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines

8

shall be extended for good cause.  After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause.  If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."  If the petitioner makes a prima facie showing he is eligible for relief under section 1172.6, the court shall hold an evidentiary hearing.  (§ 1172.6, subds. (c) & (d)(1).)  At this hearing, either party may present new evidence and the prosecution bears the burden of proving the petitioner could still be convicted beyond a reasonable doubt.  (§ 1172.6, subd. (d)(3).)

Effective January 1, 2022, Senate Bill No. 775 amended former section 1170.95 to expand its scope to those convicted of  "attempted murder under the natural and probable consequences doctrine."  (§ 1172.6, subd. (a).)

In *People v. Lewis* (2021) 11 Cal.5th 952, our Supreme Court found that former section 1170.95 entitled a defendant to have appointment of counsel after filing a proper petition and was entitled to have the opportunity for counsel to file briefing in response to any opposition filed by the People before the trial court makes its prima facie determination.  (*Lewis*, at pp. 961-972.)  As noted *ante*, this has been codified in section 1172.6, subdivision (c).

In *Strong,* the California Supreme Court resolved a split of the Courts of Appeal as to whether a special circumstance finding reached prior to *Banks* and *Clark*[6] precluded relief under section 1172.6. *Banks* and *Clark* "substantially clarified the law" regarding what it means to be a major participant who acts with reckless indifference to human life for the purposes of the special circumstance statute. (*Strong*, *supra*, 13 Cal.5th at pp. 706-707, 721.) The *Strong* court concluded that where a defendant's "case was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him [or her] from making out a prima facie case for resentencing under section 1172.6." (*Strong*, at p. 721.) A court "err[s] in concluding otherwise." (*Ibid.*)

In *Strong*, the defendant was convicted of first degree felony murder and the jury found true the felony murder special-circumstances allegations that the defendant was a "major participant" who acted "with reckless indifference to human life" under section 190.2, subdivision (d). (*Strong*, *supra*, 13 Cal.5th at p. 711.) The defendant argued that the jury's special circumstances finding did not preclude him from making a prima facie showing of eligibility for resentencing under SB 1437 because the finding was made before the court narrowed the requirements for being a major participant who acts with a conscious disregard for human life under *Banks* and *Clark*. The People argued that the defendant was categorically barred from SB 1437 because the plain language prevented defendants from resentencing regardless of the intervening changes in the law under *Banks* and *Clark*. (*Ibid.*)

---

[6] *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*), and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

The Supreme Court rejected the People's argument and found that a petition with a pre-*Banks/Clark* special finding depended on the charges brought about by SB 1437. Prior to the changes in SB 1437, a person with a pre-*Banks/Clark* special circumstance could perhaps have challenged that true finding, but he or she could not have challenged the underlying murder conviction. (*Strong*, *supra*, 13 Cal.4th at p. 711.)

In *Strong*, *supra*, 13 Cal.5th 698, the Supreme Court held that given the clarifications in the law, jury special circumstance findings issued before *Banks* and *Clark* "do not preclude [a defendant] from making out a prima facie case for resentencing under section 1172.6." (*Strong*, at p. 721.) The court explained: "*Banks* and *Clark* represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue. Our earlier discussion of habeas corpus petitioners who have obtained relief from their felony-murder special circumstances in the wake of *Banks* and *Clark* [citation] does much to explain why: There are many petitioners with pre-*Banks* and *Clark* felony-murder special-circumstance findings who nevertheless could not be convicted of murder today. . . . A pre-*Banks* and *Clark* special circumstance finding does not negate [a defendant's prima facie showing under section 1172.6, subdivision (a)(3) that they could not presently be convicted of murder or attempted murder because of changes to section 188 or 189 effective January 1, 2019] because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Id.* at pp. 717-718.) Nor does a court's later sufficiency of the evidence review amount to the determination section

11

1172.6 requires. (*Strong*, at p. 720.) Therefore, such findings do not warrant summary denial of a section 1172.6 petition, rather, the matter must proceed to an evidentiary hearing. (*Ibid.*)

As noted *ante*, because the Supreme Court decided *Strong* after the parties filed their briefs on this appeal, we had the parties submit supplemental briefs to address the relevance of *Strong* to the issues raised in this case.

The People argue that *Strong* does not apply because "[t]he present case is unlike *Strong* in several notable respects." We agree with the People that *Strong* does not apply to this case.

In this case, defendant was convicted of attempted murder, not murder. Section 1172.6 limits the person who may seek resentencing to the following: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder **under the natural and probable consequences doctrine***, or manslaughter may file a petition with the court." (§ 1172.6, subd. (a), italics and boldface added.)

Here, defendant was convicted on five counts of premeditated attempted murder. Moreover, there is no dispute that the jury was not instructed on the natural and probable consequences doctrine. The People have asked us to take judicial notice of the record from the underlying case, which includes the jury instructions. Defendant has filed a motion opposing this request. In his opposition, defendant noted that because "the record itself, since it was not considered by the trial court, [it] is not relevant to this appeal and

12

not a proper matter for judicial notice." We disagree with defendant. Records from defendant's underlying case are allowed under Evidence Code section 452, subdivision (d). Moreover, the record from defendant's underlying case is relevant because it contains documents relating to the Penal Code section 1172.6 petition. As the People state, "[j]udicial notice is appropriate in this case as well because it resolves the question regarding the theories with which the jury was instructed in appellant's underlying criminal trial." We agree with the People that this court can take judicial notice of the court's record in defendant's underlying case. A review of the record from the underlying case showed that the jury was not instructed on the natural and probable consequences doctrine. Instead, the court instructed the jury that defendant could not be convicted of attempted murder unless "the attempted murder […] was willful, deliberated, and premeditated." Therefore, because defendant's jury was not instructed on the natural and probable consequences doctrine, or any other theory of liability that would have permitted the jury to impute malice to defendant, the court properly denied defendant's motion under section 1172.6.

Additionally, we note that in his reply brief, defendant concedes that "[i]t is also true, as respondent notes . . .that the jury was *not instructed on natural and probable consequences.*" (Italics added.) Therefore, based on the express language of section 1172.6, coupled with the undisputed fact that the jury was not instructed with a natural and probable consequences instruction, the trial court properly denied defendant's petition for resentencing.

Nonetheless, defendant argues that *Strong* applies and the petition should be remanded. In support of his position, defendant contends that although "the prosecutor argued that appellant was the actual shooter, possessed the intent to kill and premeditated," the prosecutor argued on rebuttal "that whether or not appellant was the shooter, each man in the car was a principal. The prosecutor then directed the jury to 'look at CALJIC 3:00,' the equally guilty instruction." Notwithstanding defendant's argument, *Strong* simply does not apply to this case. Here, unlike *Strong*, the record from defendant's underlying case shows that there was no possibility that the jury convicted defendant on a theory that is now invalid: the jury was never instructed on the natural and probable consequences doctrine as one of the theories to convict defendant.

Moreover, based on the legislative history of SB 775, defendant contends as follows: "In so far as the statute in question can be read to exclude attempted murder, the legislative history makes clear that it was not an intentional exclusion but a scrivener's error. . . . [¶] Here it is abundantly clear that the Legislature in [SB] 775 intended to extend the original [SB] 1437 to include attempted murder."

We acknowledge that prior to the enactment of SB 775, the courts of appeal were split on whether SB 1437 applied to attempted murder. SB 775 resolved this split of authority by amending SB 1437 to explicitly afford relief to persons convicted of attempted murder and manslaughter.

Here, we already agreed with defendant that SB 1437 applies to attempted murder. As discussed *ante*, defendant was convicted of attempted murder, and would be eligible for relief under section 1172.6, as amended by SB 775, if his attempted conviction was

14

based on the "natural and probable consequences doctrine."  However, in this case, defendant is legally ineligible for relief under section 1172.6 because he was not convicted of murder on *any* theory, and he was not convicted of "attempted murder under the natural and probable consequences doctrine."  (§ 1172.6, subd. (a).)

During oral argument, defense counsel argued that section 1172.6 should apply equally to those convicted of murder and attempted murder.  However, due to a "scrivener's error," section 1172.6 does not treat such defendants equally.  Under section 1172.6, a defendant can petition for conviction vacation and resentencing if that defendant was convicted of "felony murder or murder under the natural and probable consequences doctrine or any other theory under which malice is imputed," or convicted of attempted murder "under the natural and probable consequences doctrine."  (§ 1172.6, subd. (a).)  In essence, defense counsel argued that we should apply section 1172.6 as it was *intended* to be applied, per the committee notes, and not as written plainly in the statute, due to the alleged scrivener's error.  When there is no ambiguity in the language of a statute, the plain language of the statute controls.  (*People v. Robinson* (2010) 47 Cal.4th 1104, 1138.)  We therefore reject defense counsel's argument as we are bound to follow the express language of section 1172.6, which poses no ambiguity.

In a related argument, defense counsel argued that section 1172.6 should apply to defendant because he could have been found guilty under an "equally guilty" theory of imputed malice.  However, as discussed above, under the express language of section 1172.6—section 1172.6 applies to attempted murder convictions only if a defendant were convicted under the natural and probable consequences doctrine.  Here, defendant was

ineligible for relief under section 1172.6 because no natural and probable consequences instructions were given at his trial.

Based on the above, we find that the trial court properly denied defendant's petition for resentencing.

## DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

RAPHAEL
J.

16